# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MCELROY COAL COMPANY,**
**Employer Below, Petitioner**

**vs.)  No. 12-0858** (Board of Review Appeal No. 2046861)
(Claim No. 2011030382)

**DAVID MYERS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner McElroy Coal Company, by Edward George III, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. David Myers, by Jonathan Bowman, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 21, 2012, in which the Board affirmed a January 24, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 23, 2011, decision which denied a request to reopen the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Myers was injured in the course of his employment when he was lifting miner cables. The cable went slack, and he fell backwards, landing on his shoulders and head. His claim was held compensable for lumbar sprain, neck sprain, and displacement of lumbar intervertebral disc without myelopathy. On April 7, 2011, Rakesh Wahi, M.D., indicated that Mr. Myers had reached maximum medical improvement for his neck sprain. A treatment note from Wood Health Care Clinic dated May 31, 2011, indicates that Mr. Myers's back pain worsened. On an application to reopen the claim for temporary total disability benefits, Greg Wood, D.O., listed

the diagnoses as lumbar herniated disc and cervical herniated disc. The claims administrator denied the request on June 23, 2011.

A treatment note from Wood Clinic dated June 30, 2011, indicates that Mr. Myers was unable to return to work. It was noted that he had been unable to work since May 31, 2011. A return to work slip signed that same day indicates that he would be unable to return to work until July 31, 2011, due to cervical strain. In a deposition on August 29, 2011, Mr. Myers testified that he had heart ablations on April 26, 2011, and May 23, 2011. He was off of work for a week following each procedure. He testified that after the ablation in May of 2011, his back pain worsened. Dr. Wood determined that Mr. Myers was unable to return to work at that time. Mr. Myers testified that he was unable to return to work until the end of July of 2011. At that time, he took two weeks of vacation time and returned to work on August 8, 2011.

The Office of Judges reversed the decision of the claims administrator in its January 24, 2012, Order and held that Mr. Myers was entitled to temporary total disability benefits from May 31, 2011, to July 11, 2011. The Office of Judges found that Dr. Wood noted in his treatment reports that Mr. Myers was temporarily and totally disabled from May 31, 2011, to July 7, 2011. He determined that he had specific limitations regarding lifting, sitting, and walking. He opined that the limitations were the result of an aggravation of the compensable injury. Mr. Myers's symptoms were attributed to herniated discs in the cervical and lumbar spine. The Office of Judges determined that herniated lumbar disc is a compensable component of the claim but herniated cervical disc is not. The Office of Judges concluded that the lumbar spine condition was sufficient, in accordance with the medical records, to determine that the claim should be reopened, because Mr. Myers's temporary and total disability was based in part upon an aggravation of the herniated lumbar disc. The return to work slip filled out by Dr. Wood on June 30, 2011, listed the reason for extending the period of disability as cervical strain. The original petition to reopen the claim was due to a cervical disc herniation which has not been held compensable in this claim. Accordingly, the Office of Judges held that the return to work slip was insufficient to extend temporary total disability benefits beyond July 11, 2011.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its June 21, 2012, decision. Pursuant to West Virginia Code § 23-5-3 (2009), in order to reopen a claim for temporary total disability benefits, a claimant must establish with prima facie evidence that he or she has suffered a progression or aggravation of a compensable condition. Prima facie evidence is merely evidence that tends to justify, but not compel, an inference that there has been a progression or aggravation of the compensable injury. *Harper v. State Workmen's Compensation Comm'r*, 160 W.Va. 364, 234 S.E.2d 779 (1997). The evidentiary record indicates that Mr. Myers has provided evidence that justifies the inference that there has been a progression or aggravation of his compensable injury. Accordingly, the decision of the Board of Review is supported by the evidentiary record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II